Hall, J.
delivered the opinion of the Court:
It has been alledged for the defendants, that the plaintiff ought to be barred, because he had it in his power at any time he pleased to have made an entry on the land in question; by virtue of which entry, and his having a better title than the defendant, the law would have adjudged him in possession; and being so in possession, he might have had the same redress by action that he now seeks. Admitting that this step might have been taken, it is also true that he might chuse the mode that he has adopted, of bringing an action of ejectment, and by that means possessing himself of the premises; and this mode ought not to be discouraged, because thereby, he is put in possession of the land, under the sanction of the judgment of a Court. Until such possession, the action for mesne profits does not accrue; and from that time only, our act of limitation begins to run. It seems to be a wrong construction of the act to say, that a recovery can be had for the profits of the land for the last three years only, next before the commencement of the action, when the action of ejectment may have been pending as many as ten or more years, and the defendant has been in the receipt of the profits during all that time; and when an action could not be commenced for them, until after possession gained by the action of ejectment. It is true there is a dictum in Buller, p. 88, which seems to be sanctioned by some other books; but I know of no adjudged case, on which *96 it rests. It is said, however, that no judgment has been formally entered up in the action of ejectment. It is true, too little form is observed in our judicial proceedings; but if judgment has been entered in that action, as is usual in other similar cases, it is sufficient. As to the expiration of the demise, I have to observe, that it ought not now to be an objection, after the plaintiff has obtained his judgment in the action of ejectment and been put in possession of the land. I think judgment should be entered for the plaintiff, for 300 pounds and costs.